

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

ENTERED
02/10/2012

| | | |
|---|---|---|
| TROPHY PLEX PROPERTIES, LTD, | § § § | |
| Plaintiff, | § | |
| v. | § § | CIVIL ACTION NO. M-11-361 |
| FIRST NATIONAL BANK, | § § § | |
| Defendant. | § | |

## ORDER

The current case involves issues of state law and was initially filed in the Hidalgo County District Court on December 31, 2009.[1] Plaintiff filed for bankruptcy on September 30, 2010.[2] On December 29, 2010, purporting to rely on 28 U.S.C. §§ 157(a), 1334(b) and 1452(a),[3] Defendant First National Bank ("FNB") removed the case directly to the bankruptcy court.[4] FNB asserted that the case was "related to" a bankruptcy case pending in the Southern District of Texas.[5]

On June 23, 2011, the Supreme Court handed down *Stern v. Marshall*,[6] which recognized significant constitutional limitations to the jurisdiction of bankruptcy courts. The implications of *Stern* are still being worked out, but it did create significant uncertainty in many cases that were already pending in the bankruptcy courts. Based on *Stern*, the bankruptcy judge in Southern

---

[1] S.D. Tex. Bankr. No. 10-7030, Dkt. No. 1, Attach. 2.
[2] S.D. Tex. Bankr. No. 10-70688, Dkt. No. 1
[3] S.D. Tex. Bankr. No. 10-7030, Dkt. No. 1.
[4] The Court is of the opinion that the best practice is for a party to remove a case to the district court, and then for the district court to refer the case to the bankruptcy court. Nevertheless, "this court determines that the presence of a general referral order in this district at the time [FNB] filed [its] removal supports the finding that any possible error was indeed harmless." Morgan v. Bruce, Civ. A. No. H87-0001(W), 1993 WL 786892, at *7 (S.D. Miss. Feb. 1, 1993).
[5] S.D. Tex. Bankr. No. 10-7030, Dkt. No. 1; S.D. Tex. Bankr. No. 10-70688.
[6] 131 S. Ct. 2594 (2011).

TRUE COPY I CERTIFY
ATTEST 2/10/12 Date
DAVID J. BRADLEY, Clerk of Court
By /s/ Deputy Clerk

District of Texas Bankruptcy No. 10-7030 determined that he did not have the authority to issue a final judgment so he filed a report and recommendation as an original action in this Court.[7]

After reviewing the report and recommendation, the Court interprets it as a recommendation to withdraw the reference of the entire case from the bankruptcy court. Furthermore, the Court determines that cause has been shown and withdraws Southern District of Texas Bankruptcy No. 10-7030 from the bankruptcy court.[8] The clerk of court is ordered to file the withdrawn case under case number 7:11-cv-361.

Next, the Court will consider how to proceed with this case. On December 15, 2011, the related bankruptcy case, Southern District of Texas Bankruptcy No. 10-70688, was dismissed.[9] This Court still has jurisdiction over this case even though the underlying bankruptcy case has been dismissed.[10] Nevertheless, the Fifth Circuit has stated "that as a general rule the dismissal or closing of a bankruptcy case should result in the dismissal of related proceedings."[11] This case is slightly different from the one addressed by the Fifth Circuit because this case was removed from state court—not filed in federal court originally. Because of the procedural posture of this case, it would be more appropriate to remand this case instead of dismissing it.

Removal and remand of claims related to bankruptcy cases are addressed by 28 U.S.C. § 1452.

> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.
> (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this

---

[7] Dkt. No. 1.
[8] 28 U.S.C. 157(d).
[9] S.D. Tex. Bankr. No. 10-70688, Dkt. No. 99.
[10] Querner v. Querner (In the Matter of Querner), 7 F.3d 1199, 1201 (5th Cir. 1993).
[11] *Id.*

subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.[12]

Accordingly, the Court may remand this case "on any equitable ground."

Courts consider a number of factors in deciding whether to remand under this section. These factors include: (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed defendants.[13]

Considering the applicable factors, the Court highlights the fact that the related bankruptcy case has been dismissed thus there is no adverse effect on the administration of the bankruptcy estate; although the state law issues are not difficult, this case deals exclusively with issues of state law; comity favors remand as only state law issues remain; this proceeding is no longer related to any pending bankruptcy case; and no prejudice has been shown to either side. Accordingly, Southern District of Texas Bankruptcy No. 10-7030, which was initially removed from state court, is withdrawn from the bankruptcy court and assigned the case number 7:11-cv-361. Additionally, this case (formerly S.D. Tex. Bankr. No. 10-7030, now S.D. Tex. No. 7:11-cv-361) is **REMANDED** to 206th Judicial District Court of Hidalgo County Texas.

IT IS SO ORDERED.

DONE this 10th day of February, 2012, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

---

[12] 28 U.S.C. § 1452.
[13] Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co., 130 B.R. 405, 407 (S.D.N.Y. 1991) (citations omitted).