IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: TROPHY PLEX PROPERTIES, LTD, | § | CASE NO. 10-70688-M-11 |
| | § | |
| Debtor. | § | CHAPTER 11 |
| TROPHY PLEX PROPERTIES, LTD., | § | |
| | § | Adv. Proceeding No._____ |
| *Plaintiff*, | § | |
| | § | |
| V. | § | |
| | § | |
| FIRST NATIONAL BANK OF EDINBURG, | § | |
| A TEXAS CORPORATION, | § | Removed from the 206th District |
| | § | Court, Hidalgo County, Texas |
| *Defendant*. | § | Cause No. C-3640-09-D |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW FIRST NATIONAL BANK ("FNB"), and files its Notice of Removal that removes the above-styled case from the 206th Judicial District Court, Hidalgo County, Texas, Cause No. C-3640-09-D (the "State Court Case") to this Bankruptcy Court in accordance with 28 U.S.C. §§ 157 (a), 1334 (b) and 1452(a) and Federal Bankruptcy Rule 9027, and shows as follows:

### Statement of Facts and Procedural History

1.  On or about September 30, 2010, TROPHY PLEX PROPERTIES, LTD. (the "Debtor") filed a Voluntary Petition under 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code"), Chapter 11.

2.  Prior to the Debtor's bankruptcy filing, on December 31, 2009, the Debtor filed its "Original Petition and Request for Disclosure" in the State Court Case against FNB alleging, among other things, wrongful foreclosure. FNB thereafter filed a counter-claim against the Debtor, as well

as third-party claims against the Debtor's general partner, Master Crafters Construction & Development, Inc., and the Debtor's controlling owner, Ron Rock, for a deficiency owed by the Debtor and Ron Rock (as guarantor) pursuant to a promissory note and deed of trust under which FNB had previously foreclosed.

3. On or about December 15, 2010, while attending another bankruptcy proceeding, FNB's counsel in the State Court Case became aware that the Debtor had previously filed bankruptcy. Up until that time, FNB was not aware that the Debtor had filed bankruptcy because the Debtor's counsel had not properly listed (and still has not properly listed) FNB as one of the Debtor's 20 largest unsecured creditors as required by Bankruptcy Rule 1007-I(c) and (d). Therefore, FNB has never received any notices pertaining to the Debtor's bankruptcy proceeding.

4. The Debtor's Chapter 11 Voluntary Petition was filed on September 30, 2010. Bankruptcy Rule 9027(a)(2)(B) and (C) are not applicable in this case. Therefore, this Notice of Removal is timely pursuant to Bankruptcy Rule 9027(a)(2)(A) because it is filed within 90 days after the order for relief in this case.

## Parties and Counsel

5. **Exhibit "A"** attached hereto contains the names of all attorneys in the case.

## Bankruptcy Jurisdiction

6. Removal is proper pursuant to this Court's bankruptcy jurisdiction, as authorized by 28 U.S.C. § 1334(b) (federal district courts have "original jurisdiction of all civil proceedings . . . arising in or related to cases under title 11"). Cases subject to such jurisdiction are removable under the authority of 28 U.S.C. § 1452(a) ("A party may remove any claim or cause of action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under § 1334 of this title").

7. Pursuant to the *General Order of Reference* entered by the District Court of this District on March 10, 2005, section 1334 jurisdiction has been conferred upon the Bankruptcy Judges of this District; and pursuant to the *General Order of Reference*, all removals under section 1452 are to be filed in the Bankruptcy Court of this District.

8. Pursuant to 28 U.S.C. § 1334(b), the State Court Case "arises in," or, alternatively, is "related to" a Title 11 case, *i.e.* the Debtor's bankruptcy.

9. The Debtor's allegations in the State Court Case involve matters concerning the administration of its bankruptcy and estate and proceedings affecting the liquidation of the assets of its estate, and the determination of FNB's claim for a deficiency against the Debtor's estate.

10. The State Court Case, including all claims and causes of action asserted therein, is a civil action other than a proceeding before the United States Tax Court. The State Court case is not a civil action by a government unit to enforce such government unit's police or regulatory power.

11. The claims asserted by the Debtor in the State Court Case are claims that arise in or are otherwise related to the Debtor's bankruptcy pursuant to 28 U.S.C. § 1334(b), and removal to this Court is proper pursuant to 28 U.S.C. § 1452(a).

### Core or Non-Core Bankruptcy Proceeding

12. The State Court Case involves matters concerning the administration of the Debtor's estate, claims by the Debtor's estate against FNB, and proceedings affecting the liquidation of FNB's claim against the Debtor. This removed action, therefore, qualifies as a core proceeding.

### Notice

13. Pursuant to Bankruptcy Rule 9027(b), all parties to the removed claims and causes of action are being served with true and correct copy of this Notice of Removal through their attorney of record per the attached Certificate of Service. Additionally, pursuant to Bankruptcy Rule

9027(b) and (c), a notice of the filing of this Notice of Removal is being filed with the Clerk of the 206th District Court of Hidalgo County, Texas.

### Process and Pleadings

14.     Pursuant to Bankruptcy Rule 9027(a)(1) and Bankruptcy Local Rule 9027, true and correct copies of all process and pleadings filed in the State Court Case are attached hereto as **Exhibit "B"** and incorporated herein by reference.

15.     The parties to the removed State Court Case are as follows:

(a)     Trophy Plex Properties, Ltd. – Plaintiff and Counter-Defendant;

(b)     First National Bank – Defendant and Counter-Plaintiff;

(c)     Ron Rock – Third-Party Defendant; and

(d)     Master Crafters Construction & Development, Inc. – Third-Party Defendant.

### Reservation

16.     No admission of fact, law, or liability is intended by this Notice of Removal, and all defenses, motions, counterclaims, and pleas are expressly reserved.

### PRAYER

WHEREFORE, Defendant FIRST NATIONAL BANK prays that this action be removed to this Court and that this Court accept jurisdiction of this action and place this action on the Court's docket for further proceedings and sanctions as appropriate.

Respectfully submitted and dated this 29th day of December, 2010.

/S/ Christopher A. Funk
Mark A. Twenhafel
State Bar No. 20350600
S.D. Tex. Admission No. 2268
Mark W. Walker
State Bar No. 20717350

OF COUNSEL:
WALKER & TWENHAFEL, L.L.P.

        S.D. Tex Admission No. 2270
        Christopher A. Funk
        State Bar No. 24007212
        S.D. Tex Admission No. 33804
        P. O. Drawer 3766
        McAllen, Texas 78502-3766
        Telephone: (956) 687-6225 ext. 203 / 202
        Fax: (956) 686-1276
        E-mail: markt@rgvlawyers.com
                mwalker@rgvlawyers.com
                cfunk@rgvlawyers.com

        Attorneys for First National Bank

Attach:  (1) Exhibit "A" - List of Attorneys in Removed State Court Proceeding
          (2) Exhibit "B" - Index and Copy of State Court Pleadings

## **CERTIFICATE OF SERVICE**

I, MARK W. WALKER, hereby certify that I am, and at all times hereinafter mentioned, was more than eighteen (18) years of age, that on the 29th day of December, 2010, a true and correct copy of the foregoing NOTICE OF REMOVAL has been served electronically pursuant to Bankruptcy Local Rule 5005 and the Administrative Procedures for Electronic Filing or, to those not served electronically, by the methods indicated below, to Debtor's/Plaintiff's counsel as follows:

Frank Rodriguez
Rodriguez & Tovar, L.L.P.
1111 West Nolana
McAllen, Texas 78504
*Via facsimile at* (956) 687-6415 and
*Via CM-RRR No.* 7009 3410 0000 3399 9658


        /S/ Christopher A. Funk
        Mark W. Walker