UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
JUDY A. ROBBINS
UNITED STATES TRUSTEE
BARBARA C. JUE
TRIAL ATTORNEY
606 N. Carancahua St.
Wilson Plaza West, Ste. 1107
Corpus Christi, TX  78401
Telephone:  (361)888-3261
Facsimile:  (361)888-3263

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NUMBER: |
| | § | |
| TROPHY PLEX PROPERTIES, LTD | § | 10-70688-M-11 |
| | § | |
| | § | |
| DEBTOR | § | CHAPTER 11 |

<u>AMENDED</u>
<u>MOTION OF THE UNITED STATES TRUSTEE TO DISMISS THE CASE PURSUANT TO</u>
<u>11 U.S.C. § 1112 (b) (1)</u>

**<u>LOCAL RULE 9013(b) NOTICE</u>:  THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TO THE HONORABLE RICHARD S. SCHMIDT
UNITED STATES BANKRUPTCY JUDGE:

COMES NOW,  JUDY A. ROBBINS, UNITED STATES TRUSTEE ("UST"), through the undersigned counsel, who respectfully moves for an Order dismissing this case, or in the

alternative striking the voluntary petition for cause, pursuant to 11 U.S.C. § 1112 (b) (1). In support of her motion, the UST states the following:

1. Trophy Plex Properties, LTD ("Debtor") filed its voluntary petition under Chapter 11 of the Bankruptcy Code on September 30, 2010 ("Petition Date").

2. On the Petition Date, Martin Sheldon Frankel, Attorney at Law, represented the Debtor, and continued the representation throughout the pendency of the bankruptcy, to the date, October 24, 2011.

3. On October 24, Mr. Frankel filed a Motion to Withdraw as Attorney (docket entry # 90). On that same date, Mr. Frankel notified the UST by email and telephone conference that he was retiring and that he would be leaving the country for ". . . the next six months wandering around the world." See "Attachment A," email correspondence between the UST and Mr. Frankel.

4. Mr. Frankel failed to file an Order with his Motion to Withdraw as Attorney, and on November 17, 2011, the Court entered an Order Striking Motion to Withdraw as Attorney (docket entry # 91).

5. Technically, Mr. Frankel remains the Debtor's counsel, but in reality, based on Mr. Frankel's absence from the country, closed office and stated "retirement" in his email communication to the UST, the Debtor no longer has counsel.

6. The Debtor is a corporation. As such, it may not appear before a federal court without legal representation. The United States Supreme Court has held that ". . . 'parties may plead and conduct their own case personally or by counsel,' does not allow corporations to appear in federal court otherwise than through a licensed attorney." *Rowland v. California Men's Colony*, 506 U.S. 194, ___, 113 S. Ct. 721, 121 L. Ed. 2d 565 (1993). In addition, the Fifth Circuit has held ". . . the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or

associations to appear in federal court otherwise than by licensed counsel." *Southwest Express Co. v. ICC,* 670 F.2d 53, 55 (5th Cir. 1982), relied upon by *Mount Vernon Fire Insurance Co. v. Obodoechina*, 2009 WL 424216 (S.D. Tex. 2009).

7. The failure of the corporate Debtor to have legal representation is cause for the Court to deny bankruptcy relief by dismissal pursuant to 11 U.S.C. § 1112(b) (1).

8. In addition to the above, the Debtor failed to file monthly operating reports for August and September 2011. The UST quarterly fees ($325) are delinquent for the third quarter of 2011. These failures are cause for dismissal pursuant to 11 U.S.C. § 1112(b) (4)(F) and (K).

Wherefore, premises considered, the UST requests the Court enter an Order dismissing this case, and for any further relief as may be equitable and just.

Dated: November 22, 2011

Respectfully submitted,

JUDY A. ROBBINS
UNITED STATES TRUSTEE

By:  /s/Barbara C. Jue
Barbara C. Jue
Trial Attorney
Texas Bar No. 11768550
606 N. Carancahua St., Ste. 1107
Corpus Christi, TX  78401
Telephone:  (361)888-3261
 Facsimile:  (361)888-3263